UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re:                                                    Chapter 7

MONIQUE MICHELLE McCOY,                                   Case No. 102-24159-608

                Debtor.                              Hon. Carla E. Craig

-------------------------------------------------------------x

## MOTION TO APPROVE SALE OF COOPERATIVE APARTMENT PURSUANT TO 11 U.S.C. 363(b) and (f)

TO: **THE HONORABLE CARLA E. CRAIG,
UNITED STATES BANKRUPTCY JUDGE:**

      Paul I. Krohn (the "Trustee"), as the Chapter 7 trustee for the Estate of Monique Michelle McCoy (the "Debtor"), moving pursuant to §363(b) and (f) the Bankruptcy Code, Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court, for an Order approving the proposed sale of a cooperative apartment owned by the Debtor, as more fully described below, respectfully states and alleges that:

      1.    After a previous unsuccessful effort to sell the Debtor's apartment, the Trustee advises the Court that he and the estate broker, David Gotthelf ("Gotthelf") have negotiated an offer from a third party for the sum of $121,100, subject to higher and better offers.

      2.    The Trustee has entered into a proposed Contract of Sale (the "Contract") for the Cooperative Apartment and attendant shares owned by the Debtor and

located at Apt. 608, 84-50 169th Street, Jamaica, New York (the "Property"), pursuant to Section 363 (b), and (f) of title 11 of the United States Code (the "Bankruptcy Code"). The proposed buyers are Nur Alom Khan and his spouse, Shayla Parvin, (jointly, the "Proposed Purchasers"), who are very desirous of closing this sale. A copy of the Contract is annexed hereto as Exhibit "A".

3.      The Bankruptcy Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      This case was originally commenced by the filing of a voluntary chapter 7 petition by the Debtor and Paul Krohn thereafter qualified as Trustee.

5.      For years, the case was subject to litigation between the Debtor and Matthew E. Oren ("Oren"). At one time, Oren claimed to be the equitable and beneficial owner of the Apartment and objected to the dischargeability of his claims against the Debtor on the basis of fraud. The Court ultimately ruled that Oren did not own the Apartment, but potentially retained a secured claim in bankruptcy.

6.      The Trustee subsequently objected to the secured status of Oren's claim based on his failure to properly perfect his alleged security interest under state law. This objection was resolved on a preliminary basis by means of an order permitting Oren to become involved in the sale process and allowing him to designate a broker for the Apartment (the "Oren Order").

7.      Under the terms of the Oren Order, Oren agreed to loan the Trustee such funds as were necessary to pursue the sale of the Apartment, and Gotthelf was

retained as real estate broker. No funds were ever requested from Oren by the Trustee or Gotthelf.

8. With assistance from Gotthelf, the Trustee was able to negotiate an offer to purchase the Property for $121,100, with the sale to be free of all liens, taxes, claims and encumbrances, with the same attaching to the sale proceeds, pursuant to Section 363(f) of the Bankruptcy Code. The Proposed Purchasers have deposited the sum of $36,330 with counsel to the Trustee, who is acting as escrow agent for the sale. The $84,770 balance of the purchase price is subject to financing, and is to be paid at the closing.

9. As this offer was obtained through the broker that was jointly selected with Oren, and was negotiated with an unrelated third party after lengthy efforts to sell the apartment through exclusive and multiple listings, the Trustee submits that the offer reflects the true current market value for co-op apartments in Queens..

10. Under the terms of the Oren Order, Gotthelf is entitled to a broker's commission of 6%, or $7,266.

11. Upon information and belief, the Proposed Purchasers are good faith purchasers, as that term is used in Section 363(m) of the Bankruptcy Code, unrelated to the Debtor or any of her creditors.

12. As noted, the Contract contemplates competitive bidding, in that the sale is subject to higher and better offers. The Proposed Purchasers are interested in the Property because of the school district, and were reluctant to act as traditional "stalking horse" bidders for fear of losing the sale. As a compromise, in lieu of a break up fee to

be paid to the Proposed Purchasers as compensation for their costs, time and risk, the Proposed Purchasers requested, and the Contract provides, that the Proposed Purchasers shall be granted a right of first refusal. In effect, this will permit the Proposed Purchasers to match any higher or better offer made, rather than having to exceed such offer.

13. The Trustee submits that in the proposed right of first refusal will be more than adequate to compensate the Proposed Purchasers for their risk in making the initial bid, without unduly burdening the Estate with a break-up fee, and without discouraging other persons from bidding on the Property.

14. Under the circumstances, the Trustee believes that the proposed right of first refusal is fair and reasonable, and will permit the Trustee to realize the maximum possible value for the Property under today's market conditions. Therefore, the Trustee supports the contractual right of first refusal.

WHEREFORE, the Trustee respectfully requests that an Order be entered consistent with the foregoing, together with such other and further relief as this Court may deem just, proper and equitable.

Dated: New York, New York
May 14, 2010

GOLDBERG WEPRIN
FINKEL GOLDSTEIN LLP
Attorneys for the Trustee, Paul Krohn
1501 Broadway – 22nd Floor
New York, NY 10036
212-221-5700

By: _____
J. Ted Donovan, Esq.